UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-104 |
| | ) | (PHILLIPS/GUYTON) |
| MARVIN HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on appointed defense counsel's Motion to Withdraw as Counsel [Doc. 15], referred [Doc. 16] to the undersigned on January 22, 2009. See 28 U.S.C. § 636(b). The parties appeared on January 27, 2009, for a hearing on the motion. Assistant United States Attorney Kelly Norris appeared on behalf of the government. Attorney Donny M. Young, appointed counsel for the defendant, was present as was the defendant.

In his motion, Attorney Young asks to withdraw because the attorney-client relationship has been irretrievably broken. He states that the defendant disagrees with advice he has given and was hostile toward him personally on two occasions when the defendant became upset over plea negotiations. At the hearing, the defendant expressed dissatisfaction with the way his case had been handled over the last six months and said that he would like a new attorney. The government did not object to the Court appointing a new attorney for the defendant.

The Court finds defense counsel's motion to withdraw to be well-taken and that good cause exists to substitute new counsel for Mr. Young. Based upon the statements of defense counsel in his motion and the defendant in court, the Court concludes that the trust necessary for an adequate defense no longer exists in the attorney-client relationship and that the situation is unlikely to

improve. Based upon good cause shown, defense counsel's Motion to Withdraw as Counsel of Record [**Doc. 15**] is **GRANTED**, and Mr. Young is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. At the January 27, 2009 hearing, Attorney Ron Newcomb appeared and agreed to accept representation of the defendant The Court therefore and hereby substitutes and appoints Mr. Newcomb under the Civil Justice Act (CJA) as counsel of record for Defendant Harris. The Court informed Attorney Newcomb that the date of the January 27, 2009 hearing was also the trial date in this case. Mr. Newcomb made an oral motion to continue the trial so that he could familiarize himself with the case and prepare for trial. The government had no objection to the requested continuance.

The Court finds defense counsel's oral motion to continue the trial to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). At the time of the hearing, the trial of this case was set for January 27, 2009. Requiring the defendant's new attorney to proceed to trial without adequate time to prepare would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i). Attorney Newcomb needs time to meet with the defendant, to review the discovery and the case file, and to prepare for trial. The Court finds that this could not take place before the January 27, 2009 trial date or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, a continuance of the trial is **GRANTED**, and the trial of this matter is reset to **May 27, 2009**. The Court also finds that all the time between the **January 27, 2009** hearing and the new trial date of **May 27, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(8)(A)-(B). With regard to other scheduling in the case, the parties are to appear before the undersigned for a final pretrial conference on **May 20, 2009, at 11:00 a.m.**

Accordingly, it is ordered:

(1) Attorney Young's Motion to Withdraw as Counsel of Record [**Doc. 15**] is **GRANTED**;

(2) Attorney Ron Newcomb is substituted as the defendant's counsel of record under the CJA;

(3) The defendant's oral motion to continue the January 27, 2009 trial date is **GRANTED**;

(4) The trial of this matter is reset to commence on **May 27, 2009, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(5) All time between the **January 27, 2009** hearing, and the new trial date of **May 27, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(6). A final pretrial conference is set for **May 20, 2009, at 11:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ H. Bruce Guyton
United States Magistrate Judge