UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-104 |
| | ) | |
| MARVIN HARRIS, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 27, 2009, for a motion hearing on the defendant's pending motions, including his Motion for Severance [Doc. 23], filed on March 25, 2009. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the government. Attorney Ronald C. Newcomb represented the defendant, who was also present.

The Second Superseding Indictment [Doc. 19] charges the defendant with five counts as follows: Count 1–distribution of crack cocaine on April 7, 2008; Count 2–distribution of crack cocaine on April 9, 2008; Count 3–felon in possession of firearms and ammunition on August 4, 2008; Count 4–maintaining a residence for the purpose of distributing crack cocaine on August 4, 2008; and Count 5–possession of a firearm in furtherance of a drug trafficking crime on August 4, 2008.

In his motion, the defendant asks the Court to sever Counts 3 through 5 from the trial

1

of Counts 1 and 2, because a joint trial of all five counts would be unduly prejudicial under Rule 14, Federal Rules of Criminal Procedure. He asserts that the evidence relating to Counts 1 and 2 comes from a confidential informant, whose credibility is questionable, while the evidence for Counts 3 through 5 was gathered in the August 4, 2008 search of his residence pursuant to a search warrant and his arrest. He points out the lapse in time between the April and August offenses and maintains that the evidence relating to Counts 3 through 5 would unduly bolster that relating to Counts 1 and 2. He argues that if all five counts are tried together, proof of one offense may be used to convict him of another offense, although that proof would not have been admissible in a separate trial. In this regard, he contends that separate trials of Counts 1 and 2 and Counts 3 through 5 would prevent the jury from considering the evidence of the individual crimes as evidence of the defendant's propensity to commit crimes. He also asserts that he would not be able to testify on his own behalf with regard to Counts 1 and 2 in a joint trial of all counts.

The government responds [Doc. 26] that the counts are properly joined because the offenses are of the same or similar character and that the defendant's general assertion of prejudice is not sufficient to require severance under Rule 14. It maintains that the defendant sold crack cocaine out of his home to a confidential informant in April 2008, and that evidence of drug trafficking and illegal possession of weapons was found at that same house in August 2008.

At the April 27 hearing, the defendant argued that he may want to testify with regard to only some of the counts but that in a joint trial of all five counts, he had to testify with regard to all of them or none of them. He contended that severance of Counts 1 and 2 from the trial of Counts 3 through 5 preserved his right to a fair trial because the potential for the jury to consider propensity evidence would not be a problem. The government argued that the jury would be able to segregate

2

the evidence that related to each count. It also maintained that the evidence relating to Counts 1 and 2 would be admissible at a separate trial of Counts 3 through 5 to prove the allegation that the defendant was running a crack house.

Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

The defendant argues in essence that a single trial would prevent the jury from making a reliable determination of his guilt because the jury might use the purportedly more reliable evidence relating to Counts 3 through 5 to infer that he is also guilty of Counts 1 and 2. The Sixth Circuit has held that "a jury is presumed capable of sorting out evidence and considering each count

3

and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count. United States v. Murphy, 836 F.2d 248, 256 (6th Cir. 1988); United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990) (examining failure to sever defendants). Disparities in the quality or quantity of evidence relating to counts or defendants does not, alone, require a severance. United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006) (examining failure to sever arson counts); Moore, 917 F.2d at 220 (holding that "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him"). The defendant must still show that differences in the "quantum" of evidence relating to separate counts creates a "'substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced on each count." Hang Le-Thy Tran, 433 F.3d at 478 (quoting United States v. Williams, 711 F.2d 748, 751 (6th Cir. 1983)).

In the present case, the defendant's argument that the jury will give more credence to the confidential informant involved in the April drug transactions that form the basis of Counts 1 and 2 because of the physical evidence found in the search of his home is essentially an argument that the quality of the evidence relating to the individual counts is different. This alone is not a showing of substantial or undue prejudice. See Hang Le-Thy Tran, 433 F.3d at 478. The Court finds that because the confidential informants allegedly purchased drugs from the defendant at his house on separate dates, which are distinct from the date of the search of the defendant's house, the

4

jury will be able to distinguish the evidence relating to each count. Moreover, the trial court can instruct the jury to consider the evidence relating to each count separately.

The Court also observes that although the issue of whether evidence of the April 2008 drug transactions would be admissible in a separate trial of the counts stemming from the August 2008 search is not before the Court substantively, the government makes a compelling argument that such evidence would be admissible to show that the defendant was using his house as a crack house, i.e., to show the defendant's intent with regard to the use of his home. Rule 404(b), Fed. R. Evid., provides in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In determining whether 404(b) evidence is admissible, the Court must make a three part inquiry: (1) Did the other crime, wrong, or act occur?, (2) Is the evidence in question relevant to a material issue other than character?, and (3) Whether the danger of unfair prejudice from the admission of the evidence substantially outweighs its probative value. See United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994). Here the danger of unfair prejudice turns upon whether the jury will be able to separate the evidence with regard to the five counts. The Court has already found that they will be able to do so. Accordingly, without deciding the 404(b) issue, the Court finds this argument at least weighs in favor of a single trial of all five counts.

Finally, the defendant summarily argues that a joint trial would impinge upon his right to testify in his own behalf because he could not testify with respect to only some of the counts and choose not to testify about others. The Court of Appeals for the Sixth Circuit has rejected this

5

argument for severance unless the defendant makes a "'convincing showing'" that he has both "'important testimony'" to give regarding one or more counts and a "'strong need'" to remain silent with regard to another count or counts.  United States v. Bowker, 372 F.3d 365, 385 (6th Cir. 2004) (quoting United States v. Martin, 18 F.3d 1515, 1518-19 (10th Cir. 1994), vacated on other gnds 543 U.S. 1182 (2005) (remanding for reconsideration of sentencing issue).  On this issue, "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." Id.  In the present case, the defendant fails to specify why his testimony would be important with regard to some counts or to demonstrate a strong need to avoid testifying about others.  In other words, the defendant's bare assertion that a joint trial violates his right to testify does not show substantial and undue prejudice requiring a severance under Rule 14.

       The Court finds that the defendant has failed to show that the prejudice from a single trial outweighs the public's interest in avoiding multiple trials.  Thus, the Defendant's Motion for Severance [**Doc. 23**] is **DENIED**.

       **IT IS SO ORDERED.**

       ENTER:

         s/ H. Bruce Guyton
       United States Magistrate Judge

6

Case 3:08-cr-00104-PLR-HBG   Document 34   Filed 05/21/09   Page 6 of 6   PageID #: 102