UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-104 |
| | ) | |
| MARVIN HARRIS, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the defendant's Motion to Obtain Access to Juvenile Court Records of J.M. as Delivered to Chambers in Defense of Defendant [Doc. 37], referred [Doc. 38] to the undersigned on May 28, 2009. See 28 U.S.C. § 636(b). The parties came before the Court for a pretrial conference and motion hearing on May 20, 2009. At that time, the Court permitted the parties to examine certain sealed juvenile records, which had been requested by the defendant but sent to the Court, in Chambers to determine whether they were relevant to the case. The defendant has now moved for a copy of these sealed juvenile records, contending that they are relevant to the defense of the case.

The defendant obtained a subpoena [Doc. 29] for the Knox County Juvenile Court, requesting the juvenile records of J.M. to be delivered to defense counsel's office. The Knox County Juvenile Court sent the sealed records to the District Court, which forwarded the records to the undersigned United States Magistrate Judge. Generally, when requesting documents be produced pursuant to a subpoena, the party must request a person to appear in court to testify on a given date and may ask that the person produce documents to accompany that testimony. Fed. R.

1

Crim. P. 17(c)(1). "The Court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1). With regard to assessing the propriety of a Rule 17 subpoena, the Court of Appeals for the Sixth Circuit has followed the standard formulated by the Supreme Court in United States v. Nixon, 418 U.S. 683, 699 (1974):

> [P]roduction pursuant to Rule 17(c) is appropriate where it is shown that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition.

United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990).

In the present case, no one has moved to quash the production of the juvenile records. See Fed. R. Crim. P. 17(c)(2). The defendant argues that the records are relevant to his defense and necessary to preparing his case for trial. The Court finds no indication that the request for these records was made in bad faith. Although the sealed documents are sensitive in nature, the Court finds that proper precautions can be taken to protect their contents. Accordingly, the defendant's motion [**Doc. 37**] to obtain a copy of the records is **GRANTED** with the following limitations. A copy of the sealed juvenile records of J.M. will be **RELEASED** to defense counsel **under seal**. The defendant is to maintain this copy **under seal**. The Court further **ORDERS** that disclosure by counsel for the defendant is limited to persons directly involved in the preparation of the instant case, such as employees or consulting experts, and shall not be disseminated to other attorneys, parties, or other individuals without the permission of the Court. A copy of this order shall accompany any copies of the subpoenaed records that are disclosed to persons directly involved in

2

the preparation of the case. Upon conclusion of the case, to include any appellate or collateral review proceedings, any copies of the subpoenaed records, which have been disclosed by the defendant, are to be destroyed.

Accordingly, it is **ORDERED**:

(1) The defendant's Motion to Obtain Access to Juvenile Court Records of J.M. as Delivered to Chambers in Defense of Defendant [**Doc. 37**] is **GRANTED**;

(2) The clerk of court shall mail a copy of the sealed juvenile records to defense counsel; and

(3) Defense counsel is to maintain the records **under seal** and in compliance with the limitations set forth in this order.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge