**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:08-cr-104 (Phillips/Guyton) |
| **MARVIN HARRIS,** | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On May 21, 2009, the Honorable H. Bruce Guyton, United States Magistrate Judge, entered a Memorandum and Order [Doc. 34] denying defendant's Motion for Severance [Doc. 23] and a Report and Recommendation ("R&R") [Doc. 35] in which he recommended that defendant's Motions to Suppress [Docs. 22 and 24] be denied. Defendant has lodged respective objections to each opinion. [Docs. 40, 41].

The court has reviewed defendant's objections. For the reasons that follow, defendant's objections are overruled.

**I.   BACKGROUND**

The second superseding indictment in this matter charges defendant with five counts of various drug and firearm offenses. Counts One and Two charge that on or about April 7 and April 9, 2008, respectively, defendant distributed cocaine base, also known as crack. Count Three charges that defendant, a previously convicted felon, unlawfully possessed firearms and ammunition. Count Four charges that defendant maintained a place of residence for the purpose of distributing cocaine base. Finally, Count Five charges defendant with possessing a firearm in furtherance of a drug

-1-

trafficking crime, namely the crime charged in Count Four.

While the original indictment in this matter issued on July 1, 2008, defendant was not arrested until August 4, 2008. On August 1, 2008, a search warrant was issued on the basis of an affidavit sworn by Officer Josh Shaffer on that same date. The search warrant was executed on August 4. Defendant was arrested and evidence seized at that time. Counts Three through Five are based on the August 4 search and seizure of defendant's residence; each charges August 4, 2008 as the date on or about which the offense was committed.

Defendant moved to sever the trial of Counts One and Two from the trial of Counts Three through Five [Doc. 23], arguing that the evidence from Counts Three through Five "would unduly bolster and prejudice the evidence presented with regard to Counts I and II of the indictment," [*id.* at 1], and "that he has a right to testify with regard to his own defense and has the ability to do so with regard to Counts I and II, but may unconstitutionally hindered [sic] from the same with regard to Counts III, IV, and V," [*id.* at 2]. Defendant also filed two motions to suppress. First, defendant moved to suppress

> any evidence with regard to Counts III, IV, and V, in that the Defendant avers that if he is found not guilty with regards to Counts I and Ii of the Indictment and if Counts I and II are severed from Counts III, IV, and V, that there was no legitimate basis for his stop and arrest by law enforcement on August 2, 2008.

[Doc. 22 at 1]. Defendant's second motion to suppress pertained to "any and all evidence seized in the search warrant regarding the Counts subject to the same executed on August 4, 2008" on the basis that the information provided by confidential informants in the affidavit underlying the search warrant was unreliable and that there was no proof that defendant had ownership or possession of the home. [Doc. 24 at 1].

After a hearing on these motions, Judge Guyton issued a Memorandum and Order [Doc. 34]

denying defendant's motion to sever and a Report and Recommendation ("R&R") [Doc. 35] denying defendant's motions to suppress. Defendant timely objected [Docs. 40, 41]. The court will consider each objection in turn.

## II. ANALYSIS

### A. Motion for Severance

Defendant timely objected to the Memorandum and Order denying his Motion for Severance. Defendant moved "to sever the trials of Counts I and II of the Second Superseding Indictment from Counts III, IV and V," [Doc. 23 at 1] arguing that a failure to sever would lead the jury to inappropriately consider spillover evidence and would deprive him of his right to remain silent if he wished to testify solely with regard to two of the counts. Judge Guyton denied the motion, finding that defendant had failed to meet the requisite standard of demonstrating "substantial," "undue," or "compelling" prejudice that would result from a failure to sever, and indeed had failed to identify any particular prejudice whatsoever. [Doc. 34 at 4-6]. Defendant timely objected to this order. [Doc. 40].

As an initial matter, the court finds that the counts were properly joined under Rule 8 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 8(a) ("The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."). The court finds that Counts Three through Five were properly joined as being of the same or similar character as Counts One and Two. Nevertheless, properly joined counts may be severed "[i]f the joinder of offenses ... in [the] indictment ... appears to prejudice a defendant." Fed. R. Crim. P.

-3-

14(a). In such cases, "the court may order separate trials of counts ... or provide any other relief that justice requires." *Id.* This, however, is a very high standard: "[i]n order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2006). As in the *Saadey* case, defendant has not met this burden.

> He alludes to the cumulative effect of the evidence on the jurors, and concludes that the jury may have found him guilty of one crime and then improperly found him guilty of another crime merely because of his criminal disposition. But he provides no evidence to support this assertion, and an unproven assertion is not compelling evidence of actual prejudice.

*Id.* at 678-79 (quotation omitted).

Turning to defendant's specific objections, the court finds these objections are without merit. First, defendant argues that the lapse of time between the offense conduct charged in Counts One and Two and that charged in Counts Three through Five demonstrates that the government is simply attempting to bolster its case by leading the jury to rely on propensity evidence and "spillover" evidence from considering the counts in the aggregate rather than individually. Yet as Judge Guyton stated, "a jury is presumed capable of considering each count separately." *United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002). More importantly, as stated above, defendant has shown no concrete evidence as to why this presumption should not apply; rather, defendant has simply made a conclusory argument that "the risk for prejudicial propensity and spill over evidence is too great to apply the presumption." [Doc. 40 at 2]. Such a conclusory assertion does not meet the high standard of "compelling, specific, and actual prejudice."

Yet even if there is some risk of prejudice to the defendant due to the joinder, "[e]ven where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting

*Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Where a single defendant is charged with multiple crimes, this court routinely instructs the jury as follows:

> It is your duty to separately consider that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Sixth Circuit Pattern Jury Instructions, Criminal 2.01A. Jurors are presumed to follow the trial court's instruction. *E.g.*, *United States v. Neuhausser*, 241 F.3d 460, 469 (6th Cir. 2001) ("We have often stated our presumption that jurors follow their instructions."). Nearly identical instructions to the above-cited instruction have routinely been upheld "as being sufficient to caution the jurors concerning their consideration of multiple counts and to render harmless any error in the joinder of counts." *United States v. Wilkins*, 253 F. App'x 538, 544 (6th Cir. 2007) (citing *United States v. Cody*, 498 F.3d 582 (6th Cir. 2007); *United States v. Chavis*, 296 F.3d 450, 462 (6th Cir. 2002)). This reasoning is bolstered where the court finds, as in the instant case, the counts were properly joined under Rule 8(a). *Id.* Accordingly the court agrees with Judge Guyton that defendant has not met his burden of demonstrating substantial prejudice; to the extent there is any prejudice, such prejudice will be cured by the above-cited limiting instruction.

Moreover, defendant's vague assertions as to the government's use of multiple confidential informants, the government's "failure to charge drugs which were recovered allegedly from the Defendant on August 4, 2008," and the "timing of the charges" in no way demonstrate that the Memorandum and Order was contrary to law. It goes without saying that it is in the government's discretion as to the nature and quantity of evidence used in order to meet its burden of proving the offenses charged beyond a reasonable doubt. In any event, defendant has not demonstrated how this would in any material sense affect the presumptions outlined above.

Finally, defendant asserts that he may potentially wish to testify on his behalf with regard to Counts One and Two, but invoke his right to remain silent with regard to Counts Three through Five, and the trial should therefore be severed accordingly so as to preserve his constitutional right to remain silent. Judge Guyton dismissed this basis, as the Sixth Circuit requires the defendant to make a "convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other" to necessitate a severance. *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir. 2004) (quoting *United States v. Martin*, 18 F.3d 1515, 1519 (10th Cir. 1994)), *vacated on other grounds*, 543 U.S. 1182 (2005) (mem). In his objection, defendant simply argues that he has met this standard "because he gave a statement at his arrest regarding Counts III, IV, and V, but did not do so with regard to Counts I and II." [Doc. 40 at 2-3].

This attempt to elaborate, however, is insufficient. In order to meet the "convincing showing" standard, "the defendant must present enough information to satisfy the court that the claim of prejudice is genuine and to enable it to intelligently weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying." *United States v. Jones*, 530 F.3d 1292, 1300 (10th Cir. 2008) (quotation omitted); *accord, e.g.*, *United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008).[1] "A defendant's general assertions about the testimony he seeks to offer will not suffice; he must proffer specific examples of the exculpatory testimony that he would give but for the joinder of the counts." *United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008) (quotation omitted).

While defendant has attempted to elaborate on his initial motion, his objection stating simply

---

[1] *Bowker* appears to be the latest case in the Sixth Circuit applying the important testimony/strong need test regarding severance. As the *Bowker* court itself observed other circuits' application of "the same or similar standards," *Bowker*, 372 F.3d at 385, the court finds it appropriate to look to other circuits for guidance as to the application of this test where the Sixth Circuit is otherwise silent.

that he gave a statement with regard to Counts Three through Five but not with regard to Counts One and Two does not suffice to show "important testimony" regarding Counts One and Two and a "strong need" to remain silent regarding Counts Three through Five. Specifically, defendant has not specified his important testimony or demonstrated more than a generalized need to remain silent. "If a defendant's desire not to testify on a particular count, without more, amounted to a compelling need not to testify, then required severance would be the rule, and not the exception." *Jones*, 530 F.3d at 1301. Despite his attempted elaboration on objection, the court finds defendant has yet to demonstrate anything beyond a very general desire to remain silent regarding Counts Three through Five. Accordingly, the court finds the objection meritless.

For the foregoing reasons, the court finds that Judge Guyton's thorough and well-reasoned analysis is consistent with the relevant facts and case law. Accordingly, defendant's objections thereto [Doc. 40] are **OVERRULED** and the Memorandum and Order [Doc. 34] denying defendant's Motion for Severance is **AFFIRMED**.

### B. Motions to Suppress

Defendant also timely objected to the R&R recommending that his two motions to suppress be denied. [Doc. 41]. The court reviews objections to the R&R de novo. Fed. R. Crim. P. 59(b)(3).

Defendant merely objects to Judge Guyton's findings that the issuance of the search warrant was supported by probable cause. Specifically, defendant has lodged the following objections to the R&R: (1) that the confidential informants were not reliable as indicated by the need for multiple informants as opposed to a sole informant; (2) that none of the confidential informants was monitored for drug use during the operation; (3) that defendant's identity was never subject to an appropriate constitutional photographic line-up; (4) that each of the confidential informants was

-7-

Case 3:08-cr-00104-PLR-HBG   Document 44   Filed 06/25/09   Page 7 of 14   PageID #: 141

biased due to his or her reduced criminal liability, which information was not included in the affidavit supporting the search warrant; and (5) that no law enforcement ever personally observed a drug transaction and this omission renders the affidavit without sufficient independent corroboration.

First, the court agrees with Judge Guyton's analysis that the affidavit underlying the search warrant demonstrated probable cause. "Search warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny. Review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (internal citation omitted). In evaluating the totality of the circumstances, the magistrate must " 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons applying the hearsay information, there is probable cause.' " *United States v. Fowler*, 535 F.3d 408, 414 (6th Cir. 2008) (quoting *United States v. Smith*, 510 F.3d 641, 652 (6th Cir. 2007)). "When an informant has a proven track record for providing reliable information, corroboration of the information he provides is not necessarily essential, as long as there is sufficient indication of his basis of knowledge for concluding that contraband or evidence of a crime will be found in a particular place." *United States v. Smith*, 182 F.3d 473, 479 (6th Cir. 1999); *see also United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (en banc). "[I]n the absence of any indicia of the informants' reliability, courts insist that the affidavit contain substantial independent police corroboration." *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005). Finally, "[t]he magistrate's finding of probable cause is entitled to great deference, and it can only be overturned if the magistrate exercised his authority arbitrarily." *Fowler*, 535 F.3d

at 414.

In the instant case, there is sufficient indicia of the confidential informants' reliability. The Sixth Circuit has found sufficient indicia of reliability where the police officer attested that he knew the confidential informant and that the confidential informant had "previously provided information that resulted in seizure of illegal controlled substances." *United States v. Martin*, 526 F.3d 926, 937 (6th Cir. 2008); *see also United States v. Pinson*, 321 F.3d 558, 563 (6th Cir. 2003) (finding a sufficient showing of reliability where "the officer[] personally knew the confidential informant ... characterized the informant as reliable ... state[d] that 'he knows said CI is reliable from past information received from said CI' " and "stated that the confidential informant was familiar with cocaine from 'past experience and exposure' and that he had provided information to the police in the past which resulted 'in the lawful recovery of narcotics' "). In the instant case, Officer Shaffer attested that each confidential informant had previously provided information and cooperated with officers in drug investigations and that the information provided had "always proven to be reliable and accurate," as verified by independent corroboration. [Doc. 24-2 at 3, 4, 6].[2] Moreover, Officer Shaffer attested that each confidential informant was familiar with cocaine base and the methods of manufacture and distribution due to exposure to and/or personal use. [*Id.* 3, 4, 5, 6]. Accordingly, the court finds that the affidavit sufficiently demonstrated each confidential informant's reliability. Contrary to defendant's objection, the number of confidential informants used in and of itself does not affect the reliability of those informants. Indeed, the use of more confidential informants would

---

[2] With regard to CS-2, for example, Officer Shaffer attested that his or her cooperation had previously led "to the execution of at least eight search warrants and in each case, controlled substance and/or evidence of controlled substance manufacturing and distribution were found." [Doc. 24-2 at 4]. This information led "to the arrests of at least thirteen individuals." [*Id.*]. With regard to CS-3, Officer Shaffer attested that his or her cooperation had previously led "to the execution of search warrants resulting in the seizure of crack cocaine and currency and the arrest of four individuals." [*Id.*].

-9-

only serve to bolster the probable cause showing before the magistrate, as long as their reliability was demonstrated, as it was here.

In any event, such reliability was confirmed by substantial independent police corroboration, strengthening the finding of probable cause under the totality of the circumstances. As in *Pinson*, "the affidavit in this case contained Officer [Shaffer's] personal observation, his pat down of the informant before and after the purchase of the narcotics, and the fact that the drugs purchased by the confidential informant were later tested positive for cocaine base." *Pinson*, 321 F.3d at 563. Moreover, the affidavit states that Officer Shaffer verified that defendant had "five prior convictions for Schedule II drugs: cocaine." [Doc. 24-2 at 3]; *Martin*, 526 F.3d at 937 (finding independent police corroboration of information from reliable confidential informant in part by the fact that defendant's "criminal history revealed that he had been convicted of four counts of trafficking cocaine and possession of marijuana on two occasions"). Finally, defendant's objection that Officer Shaffer did not personally observe the drug transaction is without merit. The Sixth Circuit has found police corroboration where, as here, the officer conducted a controlled purchase and observed the confidential informant enter and exit the premises where the transaction occurred. *Pinson*, 321 F.3d at 560-61, 563. In sum, the affidavit is simply replete with information from which the magistrate could find probable cause.

The various bases asserted by defendant's objections do not serve to weaken this finding. First, with regard to defendant's objection that "his identity was never subject to an appropriate constitutional line up so as to allow the Confidential Informants to independently identify the defendant," the court finds no error. "A *conviction* based on identification testimony that follows a pretrial identification violates the defendant's constitutional right to due process whenever the
-10-

pretrial identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994) (emphasis added) (quotation omitted). The court first notes that this is not an instance where defendant's "conviction [is] based on identification testimony." *Id.* Rather than assessing the admissibility of evidence at trial, the court is assessing the validity of the search warrant. Even applying the "unduly suggestive" standards, however, if a court finds that an identification procedure was unduly suggestive, "it next evaluates the totality of the circumstances to determine whether the identification was nevertheless reliable." *Id.* Insofar as there was any impermissible suggestion by use of the driver's license photograph, the identification was nevertheless reliable upon the execution of the controlled purchases by each confidential informant, given the amount of time they spent with the defendant and the opportunity for observation. Under the totality of the circumstances there is more than sufficient information as to the veracity of the affidavit and the reliability of the informants.

With regard to defendant's objection that the confidential informants "all were involved in drug activity and none of them were monitored for drug use during the operation," hence affecting their reliability, the court disagrees. Not only has defendant not provided any direct evidence of this, but even assuming its truth,

> [t]he fact that the confidential informant was engaged in criminal activities might make the confidential informant less credible than a member of the general population, but that is hardly a reason to doubt the reliability of the information given to the affiant, especially given the numerous indications of reliability provided in the affidavit. Considering that it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities, it is no surprise that most confidential informants are engaged in some sort of criminal activity. It would unduly hamper law enforcement if information from such persons were considered to be incredible simply because of their criminal status.

*United States v. Fowler*, 535 F.3d 408, 416 (6th Cir. 2008) (internal quotation omitted). With regard to the fact that each of the confidential informants is likely subject to reduced criminal liability or

-11-

even immunity from prosecution for their cooperation, this too is neither surprising nor concerning. Investigations and prosecutions are often facilitated by such cooperation in return for reduced criminal liability. Indeed, the Sixth Circuit pattern jury instruction on the matter informs the jury that "[i]t is permissible for the government to make such a promise. But you should consider ____'s testimony with more caution than the testimony of other witnesses." Sixth Circuit Pattern Jury Instructions Criminal 7.07. Again, this information is "hardly a reason to doubt the reliability of the information given to the affiant, especially given the numerous indications of reliability provided in the affidavit." *Fowler*, 535 F.3d at 416. The same may be said for any alleged bias on behalf of the confidential informants.

In any event, defendant has merely proffered conclusory statements that such bias and other reasons to doubt the confidential informants' credibility exists. Yet had defendant shown actual evidence of material information omitted from the affidavit, the proper remedy, if warranted, would not be automatic suppression of the evidence obtained under the search warrant. In such instances, the appropriate remedy would be a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154 (1978). As the Sixth Circuit has stated,

> In the case of alleged material omissions—by analogy to the standard for *included* false statements—the defendant is entitled to a hearing if and only if: (1) the defendant makes a substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit, and (2) a finding of probable cause would not be supported by the affidavit if the omitted material were to be considered part of it.

*Fowler*, 535 F.3d at 415. Defendant's conclusory allegations, however, are not sufficient to warrant such a hearing. *E.g.*, *id.* at 416 ("Without more than a mere allegation that the affiant failed to disclose the nature and degree of the confidential informant's criminal activity, Fowler was not entitled to a *Franks* hearing."); *United States v. Martin*, 526 F.3d 926, 937 (6th Cir. 2008) (holding that "a bare assertion of possibilities ... is not enough to warrant a *Franks* hearing" where defendant

-12-

"merely asserts that the affidavit omitted information" and "posits that if included, that information could have dispelled probable cause"). Not only has defendant failed to make a substantial preliminary showing of such omissions, but in any event, the court has found that the allegations by defendant, even if proven, would hardly dispel probable cause, for the reasons detailed above. Accordingly the court reaffirms its finding that the affidavit demonstrated probable cause, and accordingly defendant's Motion to Suppress [Doc. 24] is denied.

Finally, the court notes that defendant has not objected to Judge Guyton's findings with regard to his first Motion to Suppress [Doc. 22]. In that motion, defendant argued for the suppression of any evidence relating to Counts Three, Four, and Five, asserting that "if he is not found guilty with regard to Counts I and II of the Indictment and if Counts I and II are severed from Counts III, IV and V, that there was no legitimate basis for his stop and arrest by law enforcement on August 4, 2008." [Doc. 22 at 1]. Judge Guyton found that the affidavit underlying the search warrant provided probable cause for the issuance thereof, and the evidence seized in execution of the search warrant provided probable cause for the defendant's arrest for drug possession and for being a felon in possession of a firearm. As defendant has not objected to this finding, he has waived any review thereof. Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."). Moreover, this court thoroughly agrees with Judge Guyton's analysis, and accordingly defendant's Motion to Suppress [Doc. 22] is likewise denied.

## III.  CONCLUSION

For the foregoing reasons, the court finds defendant's objections [Docs. 40, 41] without merit. Accordingly, they are **OVERRULED**. Moreover, defendant failed to object to Judge Guyton's findings that the evidence seized provided probable cause for his arrest, and he has

-13-

Case 3:08-cr-00104-PLR-HBG   Document 44   Filed 06/25/09   Page 13 of 14   PageID #: 147

therefore waived any such objection. Accordingly, the Memorandum and Order [Doc. 34] is **AFFIRMED** and the R&R [Doc. 35] is **ACCEPTED IN WHOLE**, which the court adopts and incorporates into this ruling, whereby defendant's motions to suppress evidence [Docs. 22, 24] are **DENIED**.

    **IT IS SO ORDERED**.

                        **ENTER:**

                          s/ Thomas W. Phillips
                        United States District Judge