UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-104 |
| | ) | (PHILLIPS/GUYTON) |
| MARVIN HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the order [Doc. 62] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of defense counsel's Motion to Withdraw as Attorney [Doc. 60] and the Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 61]. The District Court entered a Judgment [Doc. 58] of conviction as to the Defendant on December 3, 2009. On December 7, 2009, the Defendant filed a Notice of Appeal [Doc. 59] to the United States Court of Appeals for the Sixth Circuit. The Defendant filed an accompanying application to proceed in forma pauperis [Doc. 61] on December 8, 2009. On December 7, 2009, defense counselor Attorney Ron Newcomb moved [Doc. 60] for permission to withdraw from representation of the Defendant because he lacks any criminal appeal experience in the Court of Appeals for the Sixth Circuit and because family health concerns limit his ability to travel.

Turning first to the Defendant's application to proceed in forma pauperis on appeal, the Court notes that the Federal Rules of Appellate Procedure provide as follows:

"A party who was permitted to proceed in forma pauperis in the district-

court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise."

Fed. R. App. P. 24(a)(3).

In this case, the Court found upon review of the Defendant's sworn Financial Affidavit that the Defendant qualified for appointed counsel. [Doc. 3]. The Court appointed Attorney Donny Young to represent the Defendant on August 4, 2008. The Court substituted Attorney Ron Newcomb, the Defendant's current counsel, for Attorney Young on January 27, 2009. [Doc. 18]. The Court finds that neither exception to Rule 24(a)(3), Fed. R. App. P, applies. Accordingly, the Defendant is already authorized to proceed on appeal without prepayment of fees or costs, and no additional authorization is required. The Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs **[Doc. 61]** is therefore **DENIED as moot**.

With regard to defense counsel's motion to withdraw, the Court of Appeals for the Sixth Circuit's Rules state that "[t]rial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by *this Court*." 6th Cir. R. 101(a) (emphasis added). Because the Defendant has already filed a Notice of Appeal, defense counsel may be permitted to withdraw from his representation of the Defendant *only* by the Court of Appeals. This Court cannot grant Attorney Newcomb's request to withdraw. Instead, Attorney Newcomb must take up his request with the Court of Appeals in
2

compliance with Rule 101(f), 6th Cir. R. Thus, the Motion to Withdraw as Attorney **[Doc. 60]** is **DENIED as moot**.

    **IT IS ORDERED:**

(1) Defense counsel's Motion to Withdraw as Attorney [Doc. 60] is **DENIED as moot**; and

(2) The Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs **[Doc. 61]** is also **DENIED as moot.**

    **IT IS SO ORDERED.**

                                      ENTER:

                                        <u>    s/ H. Bruce Guyton    </u>
                                        United States Magistrate Judge