UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARVIN HARRIS,                )
                              )
        Petitioner,            )   Nos.  3:08-CR-104-PLR-HBG
                              )         3:12-CV-501-PLR
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

## MEMORANDUM AND ORDER

Petitioner, Marvin Harris ("Harris"), sold crack cocaine to a confidential informant on two occasions in April, 2008. Subsequently, law enforcement executed a search warrant for his residence and found evidence of drug trafficking and two loaded firearms. Harris was then charged with being a felon in possession of a firearm, as well as distributing crack cocaine, and other related charges [Doc. 9, 19].[1]

Petitioner, after trial, was convicted of these charges [Doc. 52]. The Government sought to enhance his sentence based on Petitioner's prior felony drug convictions [Doc. 10]. The Court sentenced Harris, an armed career criminal, to 260 months in prison, which included the mandated consecutive term of 60 months for possession of a firearm in furtherance of a drug trafficking offense [Doc. 58]. The Court of Appeals for the Sixth Circuit affirmed the convictions and sentence [Doc. 74].

During the course of this case, the Petitioner was represented by a succession of two court appointed attorneys: Donny Young [Doc. 3] and Ron Newcomb [Doc. 18]. Attorney Young represented Harris briefly, and only filed a Motion to Continue on his behalf. Attorney

---

[1] All citations to the record are found on the docket of case no. 3:08-CR-104-PLR-HBG.

Newcomb represented Harris through trial and sentencing. Prior to trial, Attorney Newcomb filed a Motion to Suppress on behalf of Harris. This Motion to Suppress was denied by the District Judge [Doc. 44].

Now before the Court is Petitioner's initial § 2255 Motion, which alleges several claims of ineffective assistance of counsel [Doc. 78]. The Government responded in opposition [Doc. 81]. The Petitioner later filed an amendment, or supplement, to the § 2255 motion [Doc. 89]. The Government responded in opposition [Doc. 99]. The Petitioner then filed a second amendment, or supplement, to the § 2255 motion, apparently raising a claim of wrongful sentencing based on the June, 2015 United States Supreme Court case of *Johnson v. United States* [Doc. 100]. The Government has filed a response in opposition [Doc. 102].

The Court has given thorough consideration to all of these filings, and will now address the § 2255 motion, the first amendment, and the second amendment, or *Johnson* claim, in turn.

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire processing invalid." *Short v. United States,* 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher

hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668 687 (1987), *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that. . . the challenged action might be considered sound trial strategy") (internal citation omitted).

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

Where, as here, a Petitioner proceeded to trial instead of accepting a plea offer, he must show that, but for counsel's errors, he would have pleaded guilty pursuant to the proffered plea agreement, that the prosecution would not have withdrawn that plea agreement, and that the court would have accepted it. He must also show "a reasonable probability that the end result of

3

the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012).

## I. THE INITIAL § 2255 MOTION [Doc. 78]

Harris alleges that, after he had been convicted at trial, Attorney Newcomb informed him that the United States had previously extended a plea offer under which Harris would have been sentenced to only ten years' imprisonment. Harris claims that counsel was constitutionally ineffective for not conveying the plea offer to him earlier, and that this harmed him, since he was sentenced to a prison term of over twenty years. Harris argues that, had he received a plea offer that involved a ten-year sentence, he would have accepted it [Doc. 79].

The law is well settled that an attorney renders deficient representation if he fails to timely communicate a formal plea offer to his client. *Missouri v. Frye*, 132 S. Ct. at 1408 ("as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused"). The Court, however, cannot find that the ten-year plea offer described by Harris was ever extended to him by the United States. Attorney Newcomb, therefore, cannot be faulted for not telling Harris about a plea offer that never happened. Attorney Newcomb testified by sworn affidavit that he never told Harris, either before or after trial, that any ten-year offer had been extended:

> I met with prosecutor Dave Lewen on February 25, 2009, regarding the possibility of negotiating a plea, and . . . I subsequently met with Petitioner [Harris] at the Blount County Jail. At the time, [Harris] complained that the plea offer I relayed to him was identical to the offer about which he had been informed by his prior counsel Donny Young. I recall the Petitioner also told me that, because of his age, he had "nothing to lose" by going to trial; if he pleaded guilty, he would have been subject to a statutory mandatory minimum of fifteen years' imprisonment as an armed career criminal.

4

> I communicated to [Harris] every plea offer I received from the government, and [Harris] rejected every offer and chose to proceed to trial instead.
> I never told [Harris] either before or after his trial, that the government had offered a guaranteed ten-year sentence in exchange for his guilty plea [Doc. 81-1].

The Court finds that the United States extended one offer to Petitioner, inviting him to plead guilty as charged in the first superseding indictment, for which Petitioner would necessarily be sentenced to a term of at least fifteen years' imprisonment, given his status as an armed career criminal. If Harris declined to plead guilty, the United States would seek a second superseding indictment as to a violation of 18 U.S.C. § 924(c), for which, if convicted, Petitioner would face a consecutive statutory mandatory minimum of five years' imprisonment.[2] The Court finds that the United States did not extend any plea offer which would have limited Petitioner's sentencing exposure to ten years' imprisonment. Criminal defendants have "no constitutional right to plea bargain," *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Harris, therefore, cannot establish that he was entitled to receive a plea agreement of his own making. This claim for relief is without merit.

## II. THE FIRST AMENDMENT TO THE § 2255 MOTION [Doc. 89]

The Petitioner's amended § 2255 motion raises four categories of claims [Doc. 89]. First, Harris faults the Court for classifying him as an armed career criminal based on three prior drug convictions. Harris claims that his attorney should have argued that those convictions counted as a single offense, and that subjecting him to an enhanced statutory penalty as an armed career criminal violated equal protection, because he was not also subject to the enhanced guidelines penalty for career offenders.

---

[2] Affidavit of Attorney Young [Doc. 81-2].

Second, Harris claims that his attorney was ineffective for not fully explaining a plea offer. Third, Harris claims that his attorney should have suppressed the firearm that resulted in Petitioner's § 924(c) conviction, or otherwise opposed the consecutive five-year term of imprisonment for that offense. Fourth, Harris claims that his attorney made stipulations at trial without adequately explaining them to Harris, or acting in the best interest of Harris.

The Court must first address whether the claims raised in the first amended § 2255 motion are time barred. The first amended motion was filed more than one year after the judgment became final. A motion to amend or supplement a § 2255 motion "will be denied where it is filed after [the limitation] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Federal] Rule [of Civil Procedure] 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). Rule 15 states that an amendment may "relate back" to the date of the original pleading if the proposed claim "arose out the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(2).

In the context of habeas proceedings, the Supreme Court has interpreted that to mean that the new claims must be based on the "same core facts" relied upon in the timely-filed petition. *Mayle v. Felix*, 545 U.S. 644, 657 (2005). A late-filed claim is unreviewable if it "depend[s] upon events separate in 'both time and type' from the originally raised episodes." *Id.* Without this requirement of a "common core of operative facts," the "limitation period would have slim significance." *Id.* at 662. It is insufficient, and a claim is accordingly time-barred, if the claim merely arises from the same trial, conviction, or sentence. *Id.*; *see also Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006) (holding that several claims in a motion to amend

6

were time-barred and unreviewable because they did not "share a factual basis with any of the [timely-filed] claims.")

To the extent Harris previously argued that his attorney was ineffective with regard to plea negotiations, supra, the Court may consider his additional arguments in support of that claim [Doc. 78]. The Court finds, however, that for the reasons set forth herein above, that claim must be rejected as meritless. The Court finds that all of the Petitioner's other claims do not relate back to the ineffectiveness claim in his timely-filed motion.

The next issue the Court must consider is the possible application of equitable tolling. The one-year statute of limitations for § 2255 motions is not a jurisdictional bar and may be tolled under limited, "extraordinary" circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). But equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [his] control." *Juardo v. Burt*, 337 F. 3d 638, 642 (6th Cir. 2003). A Petitioner bears the burden of establishing that equitable tolling applied to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). That burden is a heavy one because, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado*, 337 F.3d at 643. To satisfy his burden, a Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648 (2010); *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011).

Harris claims that equitable tolling is appropriate because "various cases . . . removed [prior] impediments to filing." Two of the cases cited by Harris, including *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v.* Simmons, 649 F.3d 237 (4th Cir. 2011) (*en

7

*banc*), were decided more than a year before Harris filed his amended motion. Accordingly, Harris cannot show that he was diligently pursuing any rights he may have possessed in light of those cases. The Court agrees with the Government that the latest case cited by Harris merely applied *Simmons*, rather than creating a new rule, and it was later vacated by the *en banc* court. *United States v. Whiteside*, 775 F.3d 180 (4th Cir. 2014) (*en banc*). The Court finds that Harris has not established any basis on which to grant equitable tolling. Accordingly, the claims asserted in the first amended § 2255 motion are time-barred and provide for basis for relief.

### III. THE SECOND AMENDMENT TO THE § 2255 MOTION [Doc.100]

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The same limitation periods govern the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 U.S. Dist. LEXIS 48281, at *3–6 (E.D. Tenn. April 5, 2012). The September 14, 2015 amendment's reliance on *Johnson v. United States*, 135 S. Ct. 2551 (2015), triggers the renewed period under subsection (f)(3). *See In re Windy Watkins*, No. 15-5038, slip op. at 9–10 (6th Cir. Dec. 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made

8

retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a successive petition). The renewed period began to run on June 26, 2015 and, as a result, the amended motion falls safely within the window for requesting relief [Doc. 100].

Petitioner argues that *Johnson v. United States*—in which the United States Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") for vagueness—removed his prior felony drug convictions from the scope of 18 U.S.C. § 924(e)'s definition of armed career criminal [Doc. 100]. Harris suggests that his prior Class C Tennessee felonies for manufacture, delivery, sale and possession of a controlled substance no longer qualify as a § 924(e) predicate offenses post-*Johnson*.

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a *violent felony* or a *serious drug offense*, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutional by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to

9

make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 U.S. Dist. LEXIS 132307, at *34–35 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of the sentence received by Harris depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the now-defunct residual clause). At least three of Petitioner's prior felony drug convictions—possession of cocaine with intent to sell on April 6, 1990, sale of cocaine on April 17, 1990, and sale of cocaine on June 28, 1990 [PSR ¶¶ 51–55]—involve the distribution of, or possession with intent to distribute, a controlled substance and carry a maximum penalty in excess of ten years' incarceration.[3] *See James v. United States,* 217 F. App'x 431, 440 (6th Cir. Feb. 12, 2007) (finding sale of schedule II controlled substance in violation of Tenn. Code Ann. § 39-1-417(a)(3) and (c) qualified as a

---

[3] Petitioner attempts to avoid this conclusion by noting that all three of the prior convictions were Class C felonies for which he received only eight years' incarceration. The actual length of Petitioner's sentence, however, is irrelevant. The real inquiry under § 924(e)(2)(A)(ii) examines the maximum sentence *authorized by law* and, in Tennessee, Class C felonies are punishable by "not less than three nor more than fifteen years[']" incarceration. Tenn. Code Ann. § 40-35-111(b)(3). Because Petitioner's offenses were punishable by a maximum term of imprisonment of at least ten years, they were correctly classified as "serious drug offenses" under § 924(e)(2)(A).

10

serious drug offense under the ACCA); *Tilson v. United States*, No. 3:04-cv-268, 2007 U.S. Dist. LEXIS 73773, at *16–17 (E.D. Tenn. Oct. 2, 2007) (finding sale of cocaine in an amount less than .5 grams, a Class C felony, fit the definition of serious drug offense). All three qualify as predicate "serious drug offenses" under § 924(e)(2)(A)(ii) and make Harris an armed career criminal independent of § 924(e)(2)(B)(ii)'s residual clause.[4]

For the reasons outlined above, the Court finds that Petitioner's armed career criminal classification was not based on convictions that qualified only under the residual clause invalidated by *Johnson*. Rather, Petitioner was—and remains—properly classified as an armed career criminal based on his three qualifying predicate convictions for serious drug offenses. Any claim for relief under *Johnson* is without merit.

---

[4] To the extent Petitioner argues trial counsel should have challenged his categorization as a career offender in anticipation of *Johnson* [Doc. 100 p. 2 (suggesting, in alternative, that counsel was ineffective for failing to challenge use of his felony drug convictions as predicate offenses)], the claim fails for two reasons. First, counsel's failure to predict the subsequent change in case law cannot be said to amount to deficient representation under the circumstances, *see Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997)("[T]here is no general duty on the part of defense counsel to anticipate changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting that non-egregious "errors such as failure to perceive or anticipate a change in the law . . . generally cannot be considered ineffective assistance of counsel"), and, second, Petitioner has failed to demonstrate how he was prejudiced by counsel's failure to raise the proposed objection, *see Conley v. Warden Chillicothe Correctional Inst.*, 505 F. App'x 501, 508 (6th Cir. 2012) (rejecting ineffective assistance claim based on fact that trial counsel is under no obligation to raise meritless objections).

11

## IV. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A Judgment will enter **DENYING** the Motion, as amended [Docs. 78, 89, 100].

**IT IS SO ORDERED**.

ENTER: March 7, 2016

*[signature]*
**UNITED STATES DISTRICT JUDGE**